Carroll,
March 1, 1921.

## RALPH E. THURSTON v. CONWAY LUMBER CO.

CASE, for negligence. Trial by jury and verdict for the plaintiff. The place in which the plaintiff usually stood while doing his work was on the west side of a line of live rolls running north and south through the defendants' sawmill. The rolls were driven by a shaft which ran parallel with and at right angles to the axes of the rolls and was connected with them by bevel gears, one part of each gear being attached to the shaft, the other to a roll. The rolls were controlled by a man who worked on the resaw machine and would turn in either direction. The gear case intended to cover one of the gears near where the plaintiff worked was so broken as to expose more than half of the gear attached to the shaft. When the rolls turned toward the south (as they did about one-fourth of the time), the gear turned toward the broken gear case. There was a line of dead rolls just west of this gear and a few feet from it which led to the edger and a set of skids just south of it which were attached to the live roll case. It was the duty of one of the defendants' employees to throw boards that came from the resaw machine over the live rolls and onto these skids. Sometimes the boards would strike on the skids and sometimes somewhere else, and it was the plaintiff's duty to take them wherever he found them and put them

on the dead rolls. The plaintiff had been called to another part of the mill, just previous to the accident, and when he returned there was an accumulation of boards on the skids and one on the uncovered gear. He reached for this board with his left hand without thinking of the gear and his glove caught in the gear and drew his hand against the broken gear case.

Transferred by *Kivel*, C. J., from the May term, 1919, of the superior court on the defendants' exceptions to the denial of their motions for a nonsuit and a directed verdict.

*Snow, Snow & Cooper (Mr. Conrad E. Snow* orally), for the plaintiff.

*Taggart, Tuttle, Wyman & Starr (Mr. Wyman* orally), for the defendants.

YOUNG, J. The defendants do not seriously contend that it cannot be found they were in fault for permitting the plaintiff to work near an uncovered gear. What they contend is that it cannot be found (1) that their fault in this respect was the legal cause of the plaintiff's injury, or (2) that he was free from fault.

They base their first contention on the proposition that it cannot be found the rolls were turning toward the south when the accident happened. If this contention is sound, the plaintiff's case fails, for his hands could not have been drawn against the broken gear case unless the rolls were turning toward the south. This contention, therefore, resolves itself into the question whether there is any evidence tending to prove that the rolls were turning toward the south when the accident happened.

The evidence relevant to that issue tends to prove that if the plaintiff was standing where he says he was when he was injured, his hand could not have been caught in any other part of the gear. If, therefore, the jury found that the plaintiff told the truth as to where he was standing when he was injured, that finding would warrant the further finding that the rolls were turning toward the south at that time, for otherwise the accident could not have happened.

The defendants base their second contention on the plaintiff's testimony that while he knew where the gear was and that the case was broken, he did not think of the danger incident thereto when he reached for the board. Although this evidence is relevant

to the issue of the plaintiff's case, it does not conclusively establish that he was guilty of negligence, for it cannot be said that all fair-minded men will agree that the ordinary man of his experience and with his knowledge and means of knowledge of the situation and its dangers might not have done what he did. *Barber* v. *Company*, 79 N. H. 311.

*Exceptions overruled.*

All concurred.